UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Michael A. Luedke and
Patricia G. Luedke,

Case No. 20-20729-beh

Debtors.

Chapter 7

**DECISION AND ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTORS' CLAIMS OF EXEMPTIONS**

The Luedkes are the settlors, beneficiaries, and trustees of a living revocable trust. Several years before filing for bankruptcy protection, they transferred their residence to the trust. The Luedkes now seek to claim a homestead exemption in their residence, and the Chapter 7 trustee has objected. For the reasons that follow, the Court concludes that the debtors' interest in the residence qualifies as an "aggregate interest" subject to exemption under 11 U.S.C. § 522(d)(1), and therefore the trustee's objection is overruled.

## BACKGROUND

**A.** **The Revocable Trust**

The debtors are the settlors, trustees, and primary beneficiaries of the Michael A. Luedke and Patricia G. Luedke Revocable Trust, dated November 9, 2006. The trust contains the following relevant provisions:

**ARTICLE 3**
**REVOCABILITY**

   **3.1** **Revocation During Our Joint Lifetime.** We reserve the right to amend or revoke this trust at any time and from time to time while we are both living by a written instrument signed by both of us. . . .

. . .

# ARTICLE 4
# ADMINISTRATION DURING OUR LIFETIMES

>   While we are both living all trust assets shall be administered as follows:
>
>   **4.1. Income and Principal.**  The net income and principal of this trust which is classified as marital property shall be distributed to, or applied for the benefit of either or both of us as we may direct or as the trustees determine would be in our best interest. . . .

ECF Doc. No. 40-1, at 17-18 (Ex. 2).

The trust document also provides for the creation of a "Family Trust," to be administered after the death of the first debtor to die.  The primary purpose of the Family Trust is to allow the surviving spouse "to maintain his or her accustomed manner of living," and the income of the Family Trust is to be applied for the benefit of the surviving spouse.  *Id.* at 25.  After the death of the surviving spouse, the *res* of the Family Trust is to be divided into shares for the benefit of the debtors' children and several charitable organizations. *See* ECF Doc. No. 57, ¶¶ 7.3 & 7.4.  The Family Trust, which becomes irrevocable following the death of the first debtor to die (*see* ECF Doc. No. 40-1 at 17, ¶ 3.2), is subject to the following spendthrift provision:

>   **7.9   Direction Against Assignments.**  The provisions of this trust are intended for the personal protection and welfare of the trust beneficiaries, and their respective interests shall not be susceptible of voluntary or involuntary assignment, anticipation, alienation, pledge, or seizure by legal process. . . .

ECF Doc. No. 40-1, at 28.

On the same day the debtors created the trust, they transferred their homestead at 739 Elizabeth Street in Oconomowoc, Wisconsin to the trust, via a quitclaim deed.  *Id.* at 40 (Ex. 3).

Several years later, in December 2008, the debtors refinanced the mortgage on their residence with NorthShore Bank FSB.  The mortgage

identifies the mortgagors as Michael and Patricia Luedke, in their capacities as trustees:

```
MORTGAGOR:
    MICHAEL A. LUEDKE
    As Trustee*
    PATRICIA G. LUEDKE
    As Trustee*
    Of the *MICHAEL A. LUEDKE AND PATRICIA G. LUEDKE REVOCABLE TRUST
    A Trust
    739 Elizabeth St
    Oconomowoc, WI 53066
```

*Id.* at 41 (Ex. 4). Paragraph 22 of the mortgage instrument reads: "WAIVERS. Except to the extent prohibited by law, Mortgagor waives all appraisement and homestead exemption rights relating to the Property." *Id.* The mortgage is signed by both Michael and Patricia Luedke, in their capacities as trustees for the trust. *Id.*

**B.     The Bankruptcy Filing**

On January 30, 2020, the debtors filed for Chapter 7 bankruptcy relief. In their Schedule A/B, the debtors disclosed their interest in the real property at 739 Elizabeth Street in Oconomowoc, claiming an ownership interest in the full value of the property ($164,864.00), and noting that the property is titled to the Michael A. Luedke and Patricia G. Luedke Revocable Trust. On Schedule D, the debtors disclosed that the real property is encumbered by a $140,073.43 home equity line of credit with North Shore Bank FSB (thus leaving equity of $24,790.57). On Schedule C, the debtors claimed a $25,000.00 exemption in the real property under 11 U.S.C. § 522(d)(1) (the federal homestead exemption). They also claimed as exempt several bank accounts owned by the trust, as well as the trust itself (in the amount of $1.00—the amount of the initial trust principal delivered to the trust), under 11 U.S.C. § 522(d)(5) (the federal "wildcard" exemption).

The Chapter 7 trustee objected to the debtors' claim of the homestead exemption under section 522(d)(1). According to the trustee, the revocable trust is a separate legal entity distinct from the debtors, and because the trust, not the debtors, holds title to the real property, the debtors have no interest in

the property that they can claim as exempt in this bankruptcy. At the same time, and somewhat paradoxically, the trustee argues that the real property (in which he asserts the debtors have no interest) is part of the debtors' bankruptcy estate and subject to the claims of their creditors.[1]

The Court held a hearing and asked the parties to brief the matter, focusing on two questions: (1) whether the debtors' residence is property of the estate, and (2) if so, whether the debtors may claim it as exempt.[2]

## DISCUSSION

The debtors, as the beneficiaries of a self-settled revocable trust, have claimed as exempt real property held by that trust, using the federal homestead exemption. The trustee bears the burden of proving that the debtors have improperly claimed the exemption. *See* Fed. R. Bankr. P. 4003(c). For the reasons that follow, the Court finds that the trustee has not met his burden and the debtors' claimed homestead exemption will be allowed.

**A.  The debtors' revocable trust is not a separate entity under Wisconsin law.**

A key component of the trustee's argument is that the debtors' revocable trust is a separate entity under Wisconsin law. *See, e.g.*, ECF Doc. No. 40, at 1 ("[T]he trust is a separate legal entity under Wisconsin law and general trust law."); *id.* at 7 ("The Real Estate is currently owned by the Michael A. Luedke and Patricia G. Luedke Revocable Trust, deemed to be a separate legal entity

---

[1] The trustee simultaneously filed a motion to compel the debtors to add the trustee as an additional insured on their real property insurance, for largely the same reasons. *See* ECF Doc. No. 9. The Court withheld ruling on the motion, pending resolution of the present objection.

[2] After the hearing, the trustee filed an amended objection to the debtors' claimed exemptions, adding the following paragraph: "Trustee amends the exemption to objection to the claim of exemption of Michael A. Luedke and Patricia G. Luedke Revocable Trust which was exempted to the extent of $1, in that the sole asset of the Trust is real estate and some bank accounts in the name of the Trust." ECF Doc. No. 19. It is unclear what this new argument is meant to add; the relief requested in the amended objection is the same—to disallow the debtors' claim of exemption in the real estate located at 739 Elizabeth Street in Oconomowoc, Wisconsin.

and is subject to the claims of the Wisconsin Statutes §701.0503.")[3]; ECF Doc. No. 47, at 1-2 ("These provisions [Chapter 701 of the Wisconsin Statutes] make it clear that a trust is a separate legal entity and, therefore, this Trust is a separate legal entity. . . . Neither the Debtors nor the Bankruptcy Trustee can find any Wisconsin cases or statutes that state a trust is not a separate legal entity. To the contrary, Chapter 701 of the Wisconsin Statutes makes the trust a separate legal entity for all purposes.").

That is incorrect. In Wisconsin, the general common law of trusts applies. *See* Wis. Stat. sec. 701.0106. ("The common law of trusts and principles of equity supplement this chapter, except to the extent modified by this chapter or another statute of this state."). Under traditional common law principles, a trust is "not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (quoting, *inter alia*, Restatement (Second) of Trusts § 2 (1957)). For that reason, "traditional trusts such as the one at issue here—as opposed to so-called 'business trusts,' which are a newer invention— . . . cannot sue or be sued in their own name." *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018) (citing *Americold Realty Trust*, 136 S.Ct. at 1016); *see also Brzezinski v. Jackson Nat'l Life Ins. Co.*, No. 17-CV-360-SLC, 2018 WL 2432896, at *2 n.2 (W.D. Wis. May 30, 2018) ("a trust is not a legal entity capable of filing suit in its own right"). Instead, legal proceedings involving such trusts are brought by or against the trustee in his or her own name. *Americold,* 136 S. Ct. at 1016.

The language of the Wisconsin statutes is in accord. A revocable trust like the one at issue here, organized under Chapter 701 of the Wisconsin Statutes, is not considered a separate legal entity that can sue or hold property in its own name, but instead does so only through a trustee. *See, e.g.*, Wis.

---

[3] The Court assumes the trustee meant to cite Wis. Stat. sec. 701.0502, Spendthrift provision, here, and not Wis. Stat. sec. 701.0503, which governs child support and public support exceptions to spendthrift provisions.

Stat. sec. 701.0811 (the trustee is responsible for enforcing and defending claims against the trust); sec. 701.0816 (powers of the trustee include prosecuting and defending actions, claims, or judicial proceedings to protect trust property); sec. 701.0710 ("A transfer that places legal title in the name of the trust itself places legal title in the name of the trustee."). In this way, revocable trusts are different from corporations, LLCs, and common law business trusts (organized under Wis. Stat. section 226.14), which are considered separate and distinct entities under the law. *See* Wis. Stat. sec. 180.0302(1) & (4) (a business corporation may "[s]ue and be sued, complain and defend in its corporate name" and "[p]urchase, receive, lease or otherwise acquire, and own, hold, improve, use and otherwise deal with, property or any legal or equitable interest in property"); Wis. Stat. sec. 183.0106(2)(a) & (b) (an LLC may "[s]ue and be sued, complain and defend in its name," and "[p]urchase, take, receive, lease or otherwise acquire and own, hold, improve, use and otherwise deal in or with real or personal property"); Wis. Stat. sec. 226.14(11) (a business trust "may sue and be sued in and under such name or title, and its property may be subjected to payment and discharge of the obligations and liabilities of such trust the same as though it were a corporation").[4]

Additional statutory authority supports the conclusion that the debtors' trust is not a separate entity, and the trust property should be treated as belonging to the debtors, as settlors of the trust. In Wisconsin, it is the *settlor* of a revocable trust—and not the trustee or beneficiaries—who has ultimate control over trust property. *See* Wis. Stat. sec. 701.0603(1) ("While a trust is revocable, the rights of the beneficiaries are subject to the control of, and the duties of the trustee, a directing party, and a trust protector are owed exclusively to, the settlor.") In addition, for purposes of creditors' rights, the

---

[4] These principles are likewise reflected in the Bankruptcy Code. While LLCs, corporations, and even business trusts can file for bankruptcy protection, a non-business revocable trust like the one at issue here cannot be a debtor. *See* 11 U.S.C. § 109(b) (limiting Chapter 7 relief to "persons"); 11 U.S.C. § 101(41) (defining a "person" to include an individual, partnership, and corporation); 11 U.S.C. § 101(9)(A)(v) (defining a "corporation" to include a business trust).

settlor of a revocable trust is treated as the owner of the trust *res* under Wisconsin law. Wis. Stat. sec. 701.0505(1)(a) ("During the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors."); *see also* Restatement (Third) of Trusts § 25 (2003) ("[T]he property of [a revocable living] trust is ordinarily treated as though it were owned by the settlor."); *id.* comment a ("In other substantive respects (such as creditors' rights), the property held in a revocable trust is ordinarily to be treated as if it were property of the settlor and not of the beneficiaries.").

Persuasive authority from other jurisdictions has held likewise. *See, e.g., In re Nielsen*, 526 B.R. 351, 355–57, 360 (Bankr. D. Haw. 2015) (a self-settled revocable living trust is not a separate entity under Hawaii law; real property held by the trust can be claimed as exempt by the debtors under 11 U.S.C. § 522(d)(1)); *see also In re Parr*, No. BAP CO-17-021, 2018 WL 564572 (10th Cir. BAP Jan. 26, 2018) (a settlor's interest in a homestead held in a self-settled living revocable trust could be exempted under Colorado law); *In re Kester*, 339 B.R. 764, 768–69 (Bankr. D. Kan. 2005) (debtors, as beneficiaries of a self-settled living revocable trust, could claim the residence held by the trust as exempt under Kansas law).

**B.     The property held by the revocable trust is property of the estate.**

A bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," wherever located and by whomever held. 11 U.S.C. § 541(a)(1). The Code, however, excludes certain interests from the estate. Relevant here, property that would otherwise become part of the estate, but that is subject to a valid spendthrift trust provision, is excluded. *See* 11 U.S.C. § 541(c)(2) ("A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.").

The trustee and the debtors disagree on whether the real property at issue is property of the estate. Neither party's position is quite right. The trustee asserts that the real property is an asset under section 541. So far, so

good. But he goes on to conclude that the debtors "no longer ha[ve] any individual interest" in the real estate held by the trust. That is not true. As the Court previously concluded, because the debtors' revocable trust is not a separate entity for purposes of this bankruptcy, the debtors are the effective owners of the property held by the trust. Even if that were not so, however, the debtors, as settlors and present beneficiaries of the trust, maintain individual equitable interests in the property, *see infra* section C. It is the debtors' individual and equitable interests—not any legal interest of the trust—that becomes property of the bankruptcy estate.

The debtors, for their part, argue as an initial matter that the real property at issue is not part of the bankruptcy estate because it falls within the "spendthrift" provision carve-out of section 541(c)(2). This, too, is incorrect. The spendthrift provision at issue, section 7.9 of the trust document, protects the beneficiaries of the Family Trust, which include the surviving spouse, the debtors' children, and several charitable organizations. While this provision *may* serve to protect the future interests of the debtors' children and other beneficiaries, it is not a valid spendthrift provision as to the debtors themselves. Under Wisconsin law, a spendthrift provision is valid in one of two situations: (1) the beneficiary is a person other than the settlor; or (2) the trust is for an individual with a disability. Wis. Stat. § 701.0502(1). Neither situation arises here. The debtors are both the settlors and beneficiaries of the trust, and no one has suggested that the debtors are disabled. *See also* Wis. Stat. § 701.0505(1)(a)(1) ("Whether or not the terms of a trust include a spendthrift provision … [d]uring the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors."). So, as to the debtors' present beneficial interest in the trust property, the spendthrift provision is inoperative, and the debtors' interest is not excluded from the estate under 11 U.S.C. section 541(c)(2).

## C. The debtors are entitled to exempt the property under the federal homestead exemption.

In arguing against the debtors' claim of exemptions, the trustee appears to frame the issue as whether the *trust* can claim an exemption in the property. *See* ECF Doc. No. 40 at 8 ("The Trust and Real Estate in this case are assets under 11 U.S.C. § 541 but cannot be claimed exempt. They are not the bankrupt. They are is [sic] not a person who can claim an exemption. . . . The Trust—as a separate legal entity—can claim no exemption."); ECF Doc. No. 47, at 3–4 ("The Trust is a separate legal entity with no exemptions available to it under state or federal law. No provision of the Trust allows the Debtors to claim exemptions on behalf of the Trust because the Trust has none."). But the real inquiry is whether *the debtors* can exempt *their* interest in the real estate in this bankruptcy proceeding, using the federal homestead exemption.

Section 522(d)(1) of the Code allows an individual debtor to exempt the "debtor's aggregate interest . . . in real property . . . that the debtor or a dependent of the debtor uses as a residence . . . ." 11 U.S.C § 522(d)(1). It is undisputed that the debtors use the real property as a residence. So, the question for the Court is whether the debtors' interest in their home qualifies as an "aggregate interest" under section 522(d)(1).

Because the Code does not define aggregate interest, the Court may look to Wisconsin law for guidance. *See, e.g., In re Fink*, 417 B.R. 786, 790 (Bankr. E.D. Wis. 2009) (looking to Wisconsin law to determine whether a lien arising from a mortgage granted pursuant to a dissolution decree is an interest in property that would constitute an "aggregate interest" under section 522(d)(1)) (citing, *inter alia, Barnhill v. Johnson,* 503 U.S. 393, 397–98 (1992) ("In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law."); *Butner v. United States,* 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law.").

As previously noted, because the debtors' revocable trust is not a separate entity under Wisconsin law, the debtors as settlors of the trust are the effective owners of the trust property. But even if the trust were considered a

separate entity, the debtors, as settlors and beneficiaries of the trust, maintain a present beneficial interest in the trust property: "The establishment of a trust creates two kinds of ownership: the trustees hold legal title to the trust and the beneficiaries hold equitable title, referred to as a 'beneficial interest.' . . . The beneficiaries' equitable interest represents 'the real ownership,' while the trustee's legal title is 'no more than the shadow, always following the equitable estate, which is the substance.'" *Wisconsin Med. Soc'y, Inc. v. Morgan*, 2010 WI 94, ¶ 75.

The trustee apparently reads section 522(d)(1) to require that a debtor hold *legal* title to property, but such a narrow construction is contrary to the text of the statute—which is not limited to "legal" interests[5]—as well as the federal policy of affording liberal construction to exemptions. The debtors' equitable ownership of the property, coupled with their present possessory interest, is sufficient under Wisconsin law to constitute an "aggregate interest" under the Code. *Cf. In re Fink*, 417 B.R. at 791 (debtor's mere lien interest in his former homestead—without any ownership or possessory interest in the real property—did not qualify as an "aggregate interest" in real property under section 522(d)(1)); *see also Hoffman & Schreiber v. Medina*, 224 B.R. 556, 559 (D.N.J. 1998) (debtor was able to claim federal exemption in an account receivable representing an interest in her marital home, despite her former spouse holding title to the residence, because the debtor "had an interest in the residence which went beyond that of mere possession").

The trustee's reliance on *In re Bohland*, No. 19-21399-BEH, 2019 WL 2511735 (Bankr. E.D. Wis. June 17, 2019) and *In re Arnhoelter*, 431 B.R. 453,

---

[5] The case of *In re Bronk*, 775 F.3d 871 (7th Cir. 2015), is instructive here. In *Bronk*, the Seventh Circuit considered whether a debtor could exempt his "interest" in a college savings account under a Wisconsin statutory exemption. The court observed that the term "interest" is generally defined as "[a] legal share in something; all or part of a legal *or equitable* claim to or a right in property." 775 F.3d at 875 (emphasis added) (quoting Black's Law Dictionary 934 (10th ed. 2014)). Notably, after concluding that the debtor held a legal interest in the funds at issue, the court added: "Indeed, if Bronk lacked a legal or equitable interest in the accounts, they would not have been part of the bankruptcy estate in the first place." *Id.* at 875–76 (citing 11 U.S.C. § 541(a)(1)).

454 (Bankr. E.D. Wis. 2010)—cases from this district in which the courts disallowed homestead exemption claims as asserted against judgment creditors—is misplaced.[6] For one, the debtors in both *Bohland* and *Arnhoelter* claimed homestead exemptions under Wisconsin law (which provides that the property at issue must be "selected by a resident owner and occupied by him or her," Wis. Stat. § 815.20(1)); further, during the applicable time period, the homesteads were owned not by the debtors, but by their LLCs—which, unlike revocable trusts, are considered separate legal entities under Wisconsin law. Neither *Bohland* nor *Arnhoelter* examine the "aggregate interest" requirement of the federal homestead exemption, nor do they involve a homestead held by a revocable trust in which the debtor is the settlor and beneficiary. In sum, *Bohland* and *Arnhoelter* do not dictate the outcome of this matter. Nor does the Court find persuasive the cases from other jurisdictions which the trustee cites. *See In re Bowers*, 222 B.R. 191 (Bankr. D. Mass. 1998) (concluding that debtor was not entitled to claim a federal homestead exemption in personal property consisting of the debtor's one-third interest in a trust which held property the debtor used as residence, because the debtor "d[id] not reside in his one-third interest in the Trust," but instead "reside[d] in a portion of the *res* of the Trust"); *In re Estarellas*, 338 B.R. 538, 542 (Bankr. D. Conn. 2006) (sustaining Chapter 7 trustee's objection to debtor's claim of exemption in an equitable interest in a revocable, self-settled, spendthrift trust that held title to debtor's residence, under Connecticut homestead exemption statute that did not extend to equitable rights).

    Because the debtors' beneficial interest in their residence qualifies as an "aggregate interest" under section 522(d)(1) and the amount of the claimed exemption is within the statutory cap of $25,150 per debtor, the debtors' exemption is permissible under § 522(d)(1).

---

[6] The trustee asserts: "Cases such as *In re Bolen* [sic], 19-21399-BEH have stated under state law that the property must be 'owned and occupied' by a resident of this state. *See In re Arnltoelter,* 431 Br. 454-55. In the present case, a revocable trust is not a debtor in this case that is entitled to legal protection under 11 U.S.C. §522 or Chapter 815.18 of the Wisconsin Statutes, but the trust assets are recoverable by creditors."

### D. The debtors have not waived their ability to claim the federal homestead exemption in this bankruptcy proceeding.

The trustee asserts that the debtors waived their homestead exemption when they refinanced their mortgage, pointing to paragraph 22 of the mortgage document, which states: "Except to the extent prohibited by law, Mortgagor waives all appraisement and homestead exemption rights relating to the Property."[7] In doing so, the trustee alludes to his "strong arm" powers under 11 U.S.C. § 544(a), stating:

> The Trustee is a perfect judgment creditor by judicial lien, and a return on execution on the day of filing of bankruptcy. 11 U.S.C. § 544(a)(1)-(2). Perhaps a waiver in favor of an unsecured creditor might be unenforceable (11 U.S.C. § 522(e)), but the Debtors have waived their rights in favor of a secured creditor. The Bankruptcy Trustee becomes a secured creditor by operation of law upon the filing of bankruptcy under 11 USC§ 544(1)-(2). Thus, the Bankruptcy Trustee becomes a secured creditor on the day of filing of bankruptcy with a waiver of the homestead exemption.

ECF. Doc. No. 47, at 3.

The trustee's argument, at least as the Court understands it, is mistaken. Sections 544(a)(1) and (2) of the Code govern the trustee's ability to avoid certain prebankruptcy transfers of the debtors' property that could have been avoided by certain types of creditors. *See, e.g.*, 11 U.S.C. § 544(a)(1) ("The trustee shall have, as of the commencement of the case, . . . the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by— . . . a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on

---

[7] The trustee also claims that the debtors waived their homestead exemption when they refinanced their mortgage in the name of the trust, began paying the mortgage with checks from the trust's bank account, and named the trust as an additional insured on their property insurance. The trustee's arguments on this point are undeveloped and therefore the Court considers them no further. *See Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1995) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point.") (internal quotation marks omitted).

which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists."). As one leading bankruptcy treatise explains, section 544 is generally thought to be limited to avoidance actions:

> Thus, it has been stated that this section "vests the trustee with the ability of a judgment lien creditor to attach or seize both tangible and intangible property transferred by the debtor to a third party prior to filing for bankruptcy, but it does not transform the trustee into a 'super creditor' with the ability to raise causes of actions separate from those possessed by the estate."

5 COLLIER ON BANKRUPTCY ¶ 544.01 (16th 2020) (quoting *Alberts v. Tuft* (*In re Greater Southeast Community Hosp. Corp.*) 333 B.R. 506, 520 (Bankr. D.D.C. 2005)). It follows that "section 544 may not be used as a mechanism to attack a claim of exemption because entitlement to an exemption arises by statute; there is no identifiable transfer of a property interest or obligation undertaken in its creation that may be avoided pursuant to section 544." *Id.* at n.7 (citing, *inter alia*, *In re Eichhorn*, 338 B.R. 793, 798 (Bankr. S.D. Ill. 2006) (rejecting the trustee's attempt to use § 544 to defeat the debtors' claim of exemption).

Even assuming, however, that the trustee could invoke section 544 to attack the debtors' claimed exemption, he still cannot prevail. The trustee cites no authority to support his contention that the waiver provision in the mortgage operates as a valid waiver of the debtors' exemption rights with respect to judicial lien creditors—or to *any* creditors other than North Shore Bank.[8] Moreover, the waiver provision on which the trustee relies is a relatively standard contract provision, versions of which are commonly found in mortgage instruments. *See, e.g.*, 2 Modern Real Estate Practice Forms § 40:15; *see also* 4 Williston on Contracts 4th Forms § 60F:131. Accepting the

---

[8] Indeed, the Fair Trade Commission's Credit Practices Rule prohibits contract clauses that waive or limit exemptions on a debtor's real or personal property, unless the waiver applies only to property that is the subject of a security interest granted in the underlying credit transaction. *See* 16 C.F.R. § 444.2(a)(2)("[I]t is an unfair act or practice within the meaning of Section 5 of [the Federal Trade Commission] Act for a lender or retail installment seller directly or indirectly to take or receive from a consumer an obligation that . . . [c]onstitutes or contains an executory waiver or a limitation of exemption from attachment, execution, or other process on real or personal property held, owned by, or due to the consumer, unless the waiver applies solely to property subject to a security interest executed in connection with the obligation.").

trustee's theory of the law—which is not limited to mortgage documents executed on behalf of a trust—would allow a trustee to overcome virtually any mortgagor-debtor's homestead exemption.

Finally, even if the debtors were deemed to have waived their homestead exemption in favor of a judicial lien creditor, section 522(f)(1)(A) of the Code would allow the debtors to avoid the fixing of such a judicial lien, to the extent the lien impaired the debtors' ability to claim their homestead exemption. *See* 11 U.S.C. § 522(f)(1)(A) ("*Notwithstanding any waiver of exemptions* . . . , the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is— . . . a judicial lien . . . .") (emphasis added).

## CONCLUSION AND ORDER

The debtors, as settlors, trustees, and beneficiaries of a self-settled revocable trust, have an "aggregate interest" in the residence held by the trust, which is part of their bankruptcy estate. The debtors have not waived their ability to exempt this interest under 11 U.S.C. § 522(d)(1) by placing the residence in the trust or by refinancing a mortgage on the residence in their capacities as trustees for the trust.

For the foregoing reasons,

IT IS THEREFORE ORDERED that the Chapter 7 trustee's objection to the debtors' claimed homestead exemption is overruled.

Dated: July 28, 2020

By the Court:

_____
Beth E. Hanan
United States Bankruptcy Judge